IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREA COBB AND SCOTT COBB,
INDIVIDUALLY, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF GEORGIA CATE COBB, DECEASED                          PLAINTIFFS


VS.                                              CAUSE NO. 3:17-cv-957-DPJ-FKB


VICKSBURG HEALTHCARE, LLC (DBA
RIVER REGION MEDICAL CENTER; DBA
RIVER REGION HEALTH SYSTEMS; DBA
MERIT HEALTH RIVER REGION; DBA MERIT
HEALTH SYSTEMS);
AND ODALIS E. SIJIN, M.D.                               DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded)


        Plaintiffs Andrea Cobb and Scott Cobb, individually, and on behalf of all

wrongful death beneficiaries of Georgia Cate Cobb, deceased, file this Complaint against

Vicksburg Healthcare, LLC (DBA River Region Medical Center; DBA River Region

Health Systems; DBA Merit Health River Region; DBA Merit Health Systems); Odalis

E. Sijin, M.D. and John Does 1-10 (hereinafter collectively referred to as "Defendants")

and, in support thereof, would respectfully show the Court the following:

### PARTIES & JURISDICTION

        1.      Plaintiff Andrea Cobb is an adult resident citizen of the State of Louisiana.

        2.      Plaintiff Scott Cobb is an adult resident citizen of the State of Louisiana.

        3.      Defendant Vicksburg Healthcare, LLC (DBA River Region Medical

Center; DBA River Region Health Systems; DBA Merit Health River Region; DBA

Merit Health Systems) (hereinafter referred to as "River Region") is a Delaware corporation with its principal place of business identified as 4000 Meridian Boulevard, Franklin, Tennessee 37067, and with operations at 2100 Highway 61 North, Warren County, Vicksburg, Mississippi.  River Region may be served with process of this Court through its registered agent for service of process, CSC of Rankin County, Inc. located at Mirror Lake Plaza, 2829 Lakeland Drive Suite 1502, Flowood, Mississippi 39232.

4.     Defendant Odalis E. Sijin, M.D. is an adult resident citizen of the State of Florida, who may be served with process of this Court at her home address or anywhere that she may be found.

5.     The true names, number, and capacities, whether individual, corporate, or otherwise of John Doe Defendants 1–10 are unknown to Plaintiffs at this time.  John Doe Defendants include employees of one or more of the named Defendants and/or individuals or corporate entities that have individual, joint and/or several liability to Plaintiffs for the tortious acts alleged herein.  Plaintiffs will amend this Complaint at the time that the true and exact identities of John Doe Defendants become known to Plaintiffs, if necessary.

6.     This Court has jurisdiction over the subject matter and Defendants in this case pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiffs and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the subject claims occurred in Warren County, Mississippi.

## FACTS

8.     Georgia Cate Cobb was born at 7:08 a.m. on December 25, 2015.

9.     Georgia Cate Cobb died at 8:11 a.m. on December 25, 2015.

10.    Plaintiff Andrea Cobb is the mother and a wrongful death beneficiary of the decedent, Georgia Cate Cobb.

11.    Plaintiff Scott Cobb is the father and a wrongful death beneficiary of the decedent, Georgia Cate Cobb.

12.    At all relevant times, Andrea Cobb was Defendant Sijin's patient.

13.    At all relevant times, Georgia Cate Cobb was Defendant Sijin's patient.

14.    At all relevant times, Andrea Cobb and Georgia Cate Cobb were patients of River Region Medical Center (and the nurses, agents and employees of Defendant River Region), which is a hospital located at 2100 Highway 61 North, Warren County, Vicksburg, Mississippi.

15.    River Region Medical Center is owned, operated, and managed by Defendant River Region.

16.    At all relevant times, Defendant River Region employed Defendant Sijin.

17.    Defendant Sijin committed each and every one of her tortious acts and omissions described herein while operating within the course and scope of her employment with Defendant River Region, such that Defendant River Region is vicariously liable for any and all of Defendant Sijin's tortious acts and omissions.

18.    At all relevant times, each of the nurses and other medical professionals at River Region Medical Center who provided medical treatment to Andrea Cobb and Georgia Cate Cobb were employees of Defendant River Region.

19.     The nurses and other medical professionals committed each and every one of their negligent acts and omissions described herein when said nurses and other medical professionals were acting within the course and scope of their employment with Defendant River Region such that Defendant River Region is vicariously liable for any and all of said nurses' and other medical providers' tortious acts and omissions.

20.     Andrea Cobb's due date was December 17, 2015, per ultrasound.

21.     During Andrea Cobb's last appointment with Defendant Sijin on December 21st, Defendant Sijin scheduled Andrea Cobb for induction and delivery on December 24, 2015. However, as Andrea Cobb was leaving the appointment, Defendant Sijin realized that December 24th was Christmas Eve and changed the induction from December 21st to December 26th. Andrea Cobb asked Defendant Sijin to keep the induction and delivery date for December 24th, but Defendant Sijin insisted on December 26th, stating that she would be unable to deliver the baby on Christmas Eve due to Christmas. Andrea Cobb expressed concerns to Dr. Sijin about going that far past her due date of December 17th, and requested that Dr. Sijin induce earlier than December 26th. However, Defendant Sijin refused the request and assured Andrea Cobb that it would be safe to wait until December 26th.

22.     On December 24, 2015, Andrea Cobb went into labor at 41 weeks and 1 day.

23.     Andrea Cobb was admitted to River Region Medical Center in Vicksburg, Mississippi, at 3:50 p.m. on December 24, 2015.

4

24.     At 4:30 p.m., in order to evaluate the well-being of the fetus, Defendant Sijin ordered an ultrasound to calculate the amniotic fluid index and a Biophysical Profile (BPP).

25.     The BPP was performed at 6:13 p.m.  The BPP revealed an alarming score of two (2) and the presence of oligohydramnios.

26.     The American College of Obstetricians and Gynecologists (ACOG) recommends delivery if the BPP is four (4) or less for pregnancies at more than 32 weeks of gestation.

27.     Although the BPP score was 2, and Ms. Cobb was over 41 weeks, Defendant Sijin did not deliver this baby until 7:08 a.m. on December 25, 2015, approximately 13 hours after the ultrasound was performed.

28.     The American College of Obstetricians and Gynecologists (ACOG) recommends delivery in the presence of oligohydramnios at more than 36 weeks of gestation.

29.     Although the ultrasound showed oligohydramnios, and Ms. Cobb was over 41 weeks, Defendant Sijin did not deliver this baby until 7:08 a.m. on December 25, 2015, approximately 13 hours after the ultrasound was performed.

30.     In addition to the finding of oligohydramnios, an alarming BPP, the baby's heart rate was clearly signaling distress throughout Andrea Cobb's admission. Specifically, the fetal heart strip revealed multiple uncharted late decelerations, minimal to absent variability, and the absence of any reactive non-stress test ("NST").

31.     At 7:50 p.m., Andrea Cobb's membrane spontaneously ruptured revealing thick, meconium-stained amniotic fluid.

32.     From 7:50 p.m. – 2:00 a.m., the fetal heart strip continued to reveal multiple uncharted late decelerations, minimal to absent variability, and the absence of any reactive NST.

33.     At approximately 1:56 a.m., the fetal heart strip revealed a prolonged deceleration to 60 beats per minute lasting over eight (8) minutes.  Of note, this prolonged deceleration was improperly described and charted by Defendant River Region's nursing staff.  Upon information and belief, Defendant Sijin was not informed of this prolonged deceleration.

34.     By the time of the eight (8) minute prolonged deceleration at 1:56 a.m., Andrea Cobb's membranes had been ruptured for six (6) hours, she had a BPP of two (2) in the presence of thick meconium, and a non-reassuring fetal heart rate with multiple late decelerations, minimal to absent variability, and the absence of a reactive NST.

35.     During the hours of 2:00 a.m. through 5:54 a.m., the ominous fetal heart rate continued to reveal multiple uncharted late decelerations, minimal to absent variability, and the absence of any reactive NST.

36.     As of 5:54 a.m., no physician had spoken with or examined Andrea Cobb, despite Andrea Cobb's continuous pleas throughout her admission to Defendant River Region nursing staff to see or speak with her doctor.

37.     At 5:54 a.m., there was a 14-minute fetal heart rate deceleration with the baby's heart rate again dropping to 60 beats per minute.

38.     At 6:00 a.m., Defendant Sijin ordered a STAT section.

39.     Although the STAT section was ordered at 6:00 a.m., the baby was not delivered until 7:08 a.m. (over one hour after the order).  Dr. Sijin delayed the STAT

section to wait for the administration of a spinal epidural.  While Defendant Sijin

improperly delayed a STAT section to wait for a spinal epidural, the baby's heart rate

remained completely unmonitored for the 40 minutes preceding delivery.

      40.     The baby was delivered at 7:08 a.m.  This delivery occurred 15 hours after

admission, 13 hours after the finding of oligohydramnios, 13 hours after the BPP score of

two, 12 hours after her membranes ruptured revealing thick, meconium-stained amniotic

fluid, five hours after the eight (8) minute deceleration to 60 bpm, and after 14 hours of

alarming fetal heart rate.

      41.     When the baby was delivered at 7:08 a.m., the baby was noted to be

meconium stained, nonresponsive, without respiratory effort, without color, without

muscle tone and with a pulse of 60.  The baby died one hour later at 8:11 a.m.  The cord

Ph was reported at less than 6.95.

      42.     As a result of Defendants' negligence described herein, the entirety of

Georgia Cate Cobb's one hour and 3 minute life was spent away from her mother and

father, with an endotracheal tube inserted in her body, and with the attendant pain and

trauma of resuscitative efforts.

      43.     Post delivery, the endotracheal tube placement resulted in "marked under

aeration of the lungs" per the radiology report.  These findings were not timely

communicated to a physician.

      44.     In her Discharge Summary, the pediatrician, Dr. Deborah Smith, stated:

"Per nursing history C-section was called for poor fetal pattern with no beat-to-beat

variability and thick meconium."  Importantly, all of those findings leading to the STAT

section were present as of 7:50 p.m. the day before – almost 12 hours prior to delivery.

Dr. Smith's impression was "neonatal asphyxia; thick meconium; cardiorespiratory arrest."

45.     In addition to the factors stated herein, Andrea Cobb was suffering from preeclampsia, which was not being properly monitored, documented, reported or treated. Andrea Cobb's blood pressure was 155/99 at admission.  Yet, Defendant Sijin did not address Andrea Cobb's blood pressure until 1:50 a.m., when she ordered magnesium sulfate and Labetolol.  Although this medicine should have been administered as soon as possible, the magnesium sulfate was not given to Andrea Cobb until 2:50 a.m., one hour later.  And, although the magnesium sulfate 2g/hour continuous infusion should have been given no later than 30 minutes after the administration of the prior IV infusion, it was not administered until 5:46 a.m.  The Labetolol was not administered until 5:18 a.m.

46.     Furthermore, Andrea Cobb was not being properly monitored for possible infection, and, Andrea Cobb was placed at increased risk for infection by the improper administration of Cytotec.  On at least three occasions, Cytotec was administered vaginally, and each administration was against Defendant Sijin's standing orders.  Each administration of Cytotec took place *after* Andrea Cobb's membranes had ruptured and each administration was in the presence of a non-reassuring fetal heart rate and/or with a dilation of greater than three (3) cm, and/or with contractions in excess of three (3) per 10 minutes.  With each vaginal administration of Cytotec and with each vaginal examination by the nursing staff, the risk of infection increased, including the risk of chorioamnionitis.

47.     At no time did any physician examine Andrea Cobb for signs of infection, including chorioamnionitis.  In fact, no medical provider took Andrea Cobb's temperature for the seven (7) hours preceding delivery.

48.     Despite the numerous signs of obvious fetal distress and Andrea Cobb's repeated pleas to see a doctor, no physician examined Andrea Cobb until 6:15 a.m., more than 14 hours after her admission.

49.     As described herein, Defendant Sijin's negligent acts include, but are not limited to, failing to properly examine and monitor Andrea Cobb and Georgia Cate Cobb, failing to properly communicate with the staff of River Region Medical Center, failing to properly respond to the BPP, failing to properly respond to the finding of oligohydramnios, failing to properly respond to the finding of thick, meconium-stained amniotic fluid, failing to properly respond to the evidence of fetal distress (as evidenced by the lack of variability in the fetal heart rate, nonreactive NST, the late decelerations and prolonged decelerations), failing to properly monitor and treat Andrea Cobb's preeclampsia, failing to timely order a cesarean section, failing to timely perform the cesarean section once ordered, and failing to properly monitor Andrea Cobb and/or Georgia Cate Cobb for infection and/or properly treat Andrea Cobb and/or Georgia Cate Cobb for infection.

50.     As a proximate cause of the negligence of Defendant Sijin, Andrea Cobb's baby, Georgia Cate Cobb, suffered injury and damages and died approximately one hour after delivery on Christmas Day.

51.     With respect to the agents and employees of Defendant River Region, the negligent acts and omissions include, but are not limited to:

    a.   Failing to properly monitor Andrea Cobb;

    b.   Failing to properly monitor Georgia Cate Cobb;

    c.   Failing to timely communicate relevant information to a physician;

d.  Failing to properly respond to the BPP of two (2);

e.  Failing to properly respond to the finding of oligohydramnios;

f.  Failing to properly monitor Georgia Cate Cobb's fetal heart rate;

g.  Failing to properly recognize, document, and report Georgia Cate Cobb's repeated late decelerations;

h.  Failing to properly recognize, document, and report the minimal and/or absent variability in Georgia Cate Cobb's fetal heart rate;

i.  Failing to properly recognize, document, and report the lack of any reactive non-stress test during the entire admission;

j.  Failing to properly recognize, document, and report Georgia Cate Cobb's prolonged deceleration at approximately 1:56 a.m.;

k.  Failing to follow doctor's orders with respect to the administration of Cytotec (which was administered post-ruptured membrane, in the presence of a non-reassuring fetal heart rate, with a dilation greater than 3 cm, and with contractions in excess of 3 per 10 minutes);

l.  Failing to properly monitor, document, and report Andrea Cobb's contractions and properly adjust the cardiotocograph to record contractions;

m.  Failing to properly monitor Andrea Cobb's vital signs (including failing to take Andrea Cobb's temperature for over seven (7) hours between midnight and the time of the delivery at 7:08 a.m.);

n.  Failing to assess, monitor and, report Andrea Cobb's elevated blood pressure in a timely manner;

o.  Failing to properly and timely administer blood pressure medications as ordered by Defendant Sijin;

p.  Failing to properly administer Stadol;

q.  Failing to monitor the baby's heart rate for over forty minutes prior to delivery;

r.  Failing to prepare for the cesarean section in a timely manner once it was ordered; and

s.  Failing to properly intubate Georgia Cate Cobb during the resuscitation efforts.

52.   As a proximate cause of the negligence of the nurses, agents and employees of Defendant River Region, Scott and Andrea Cobb's baby, Georgia Cate Cobb, suffered injury and damages and died approximately one hour after delivery on Christmas Day.

53.   As described herein, the care provided to Andrea Cobb and Georgia Cate Cobb by Defendant Sijin and the agents and employees of Defendant River Region was woefully inadequate and fell well below any applicable standard of care.

**COUNT ONE**

54.   Plaintiffs adopt and incorporate by reference herein the allegations contained in the foregoing paragraphs.

55.   At all relevant times, Defendant Sijin owed Andrea Cobb and Georgia Cate Cobb the duty to provide professional medical services consistent with the nationally recognized, minimally-acceptable level of competency under the

circumstances and to act and render medical care and treatment as a reasonable, prudent medical professional under the circumstances.

56.     At all relevant times and as described herein, Defendant Sijin breached the aforementioned duty, deviated from the applicable standard of care, was negligent and/or grossly negligent in her treatment of Andrea Cobb and Georgia Cate Cobb, and failed to provide the requisite level of treatment, care, skill and diligence necessary to meet the aforementioned duties.

57.     The breach of the aforementioned duties by Defendant Sijin constituted negligence and/or gross negligence, and such negligence and/or gross negligence was the direct and proximate cause and/or a proximate contributing cause of the death of Georgia Cate Cobb, as well as the injuries, pain, suffering and damages suffered by Georgia Cate Cobb during her brief life.  As a result, Plaintiffs are entitled to all damages sought herein.

58.     At all relevant times, Defendant Sijin was acting as an agent and/or employee of Defendants River Region such that Defendant River Region is liable to Plaintiffs under the doctrine of *respondeat superior*, vicarious liability and any other applicable legal or equitable principle designed to hold a principal liable for the tortious conduct of its agents and employees.

### COUNT TWO

59.     Plaintiffs adopt and incorporate by reference herein the allegations contained in the foregoing paragraphs.

60.     At all relevant times, Andrea Cobb and Georgia Cate Cobb were patients of Defendant River Region and were under the care and supervision of Defendant River Region and Defendant River Region's nurses, agents and employees.

61.     At all relevant times, Defendant River Region's nurses, employees, and agents owed the following duties to Andrea Cobb and Georgia Cate Cobb:

    a.   To provide professional medical services consistent with the nationally recognized, minimally-acceptable level of competency under the circumstances;

    b.   To act and render medical care and treatment as reasonable, prudent medical professionals under the circumstances;

    c.   To monitor and treat patients in a manner consistent with the nationally recognized, minimally-acceptable level of competency under the circumstances;

    d.   To assess patients in a manner consistent with the nationally recognized, minimally-acceptable level of competency under the circumstances;

    e.   To recognize relevant medical events and a patient's medical condition in a manner consistent with the nationally recognized, minimally-acceptable level of competency under the circumstances;

    f.   To document the medical record in a manner consistent with the nationally recognized, minimally-acceptable level of competency under the circumstances;

g. To report relevant information to physicians in a manner consistent with the nationally recognized, minimally-acceptable level of competency under the circumstances;

h. To follow hospital policies and procedures, including those policies and procedures related to the assessment of patients, monitoring of patients, documentation of the medical record; and reporting of events to physicians; and

i. To follow doctor's orders;

62.    At all relevant times and as described herein, Defendant River Region and Defendant River Region's nurses, agents and employees breached the aforementioned duties, deviated from the applicable standards of care, were negligent and/or grossly negligent in the treatment of Andrea Cobb and Georgia Cate Cobb, and failed to provide the requisite level of treatment, care, skill and diligence necessary to meet the aforementioned duties.

63.    The breach of the aforementioned duties by Defendant River Region (and its nurses, employees, and agents) constituted negligence and/or gross negligence, and such negligence and/or gross negligence was the direct and proximate cause and/or a proximate contributing cause of the death of Georgia Cate Cobb as well as the injuries, pain, suffering and damages suffered by Georgia Cate Cobb during her brief life.  As a result, Plaintiffs are entitled to all damages sought herein.

64.    At all relevant times, the nurses, agents and employees of Defendant River Region who committed the tortious acts and omissions described herein were acting as agents and/or employees of Defendant River Region such that Defendant River Region is

liable to Plaintiffs under the doctrines of *respondeat superior*, vicarious liability and any other applicable legal or equitable principle designed to hold a principal liable for the tortious conduct of its agents and employees.

65.     In addition to the aforementioned duties, Defendant River Region had a duty to properly train and supervise its nurses, employees, and agents with respect to the proper provision of medical care to patients such as Andrea Cobb and Georgia Cate Cobb.  Defendant River Region breached the aforementioned duty.

66.     The breach of the aforementioned duty by Defendant River Region constituted negligence and/or gross negligence, and such negligence and/or gross negligence was the direct and proximate cause and/or a proximate contributing cause of the death of Georgia Cate Cobb as well as the injuries, pain, suffering and damages suffered by Georgia Cate Cobb during her brief life.  As a result, Plaintiffs are entitled to all damages sought herein.

## DAMAGES

67.     Plaintiffs adopt and incorporate by reference herein the allegations contained in the foregoing paragraphs.

68.     Defendants' acts, omissions and breaches as set forth herein were the proximate cause of injury during life and the death of Georgia Cate Cobb, giving rise to Plaintiffs' claims stated herein and entitling Plaintiffs to all damages available under law, including for injuries, pain, and suffering of Georgia Cate Cobb during her life; loss of enjoyment of life to Georgia Cate Cobb; loss of society and companionship; loss of future income and wages of Georgia Cate Cobb; medical expenses; funeral expenses; and all other damages available at law, including every element and type and category of damage

and remedy available under Miss. Code Ann. §11-7-13.   Furthermore, Defendants'
tortious acts and omissions described herein demonstrate that Defendants acted with
gross negligence evidencing a reckless disregard for the safety of others, including
Andrea Cobb and Georgia Cate Cobb, thus warranting an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, and on
behalf of the wrongful death beneficiaries of Georgia Cate Cobb, deceased, bring these
causes of action against Defendants (and each of its predecessors, successors, assigns,
subsidiaries, and divisions) collectively, individually, jointly and severally and demands
judgment against them in an amount that will compensate Plaintiffs for all damages
allowed by law resulting from the injuries and death of Georgia Cate Cobb, as well as
punitive damages.   All damages are demanded together with pre-and post-judgment
interest, costs of this action expended, and any other relief warranted by law or otherwise
deemed appropriate.

This the 4th day of December 2017.

Respectfully submitted,

By: s/ Rick G. Davis_____
    Rick G. Davis


Rick G. Davis (MSB# 99562)
SHELTON DAVIS, PLLC
117 Park Circle Drive
Flowood, Mississippi 39232
Tel: 601-932-1142
Fax: 601-608-7809
Email: Rick@SheltonDavisPllc.com
Website: www.SheltonDavisPllc.com
*Counsel for Plaintiffs Andrea Cobb and Scott Cobb,*
*Individually, and on behalf of the wrongful*

*death beneficiaries of Georgia Cate Cobb, deceased*

David W. Shelton (MSB# 99675)
SHELTON DAVIS, PLLC
1223 Jackson Ave. East, Ste. 202
P.O. Box 2541
Oxford, Mississippi 38655
Tel: 662-281-1212
Email: David@SheltonDavisPllc.com
Website: www.SheltonDavisPllc.com
*Counsel for Plaintiffs Andrea Cobb and Scott Cobb,*
*Individually, and on behalf of the wrongful*
*death beneficiaries of Georgia Cate Cobb, deceased*

**CERTIFICATION OF CONSULTATION**

      I hereby certify that with respect to the foregoing Complaint and allegations contained therein, I have reviewed the facts of this case and have consulted with at least one (1) expert qualified pursuant to the Mississippi and Federal Rules of Civil Procedure and the Mississippi and Federal Rules of Evidence to give expert testimony as to standard of care or negligence and whom I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of this review and consultation that there is a reasonable basis for the commencement of this action.

s/ Rick G. Davis      
Rick G. Davis
