UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANDREA COBB AND SCOTT COBB,
INDIVIDUALLY, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF GEORGIA CATE COBB, DECEASED                                        PLAINTIFFS

V.                                            CIVIL ACTION NO. 3:17-cv-957-DPJ-FKB

VICKSBURG HEALTH CARE, LLC (DBA
RIVER REGION MEDICAL CENTER; DBA
RIVER REGION HEALTH SYSTEMS; DBA
MERIT HEALTH RIVER REGION; DBA MERIT
HEALTH SYSTEMS); AND ODALIS E. SIJIN, M.D.                            DEFENDANTS

## ORDER

This cause is before the Court on Plaintiffs' Amended Motion to Compel the Deposition of Defendant Odalis Sijin [85] and Plaintiffs' Motion for Additional Time for the Deposition of Defendant Odalis Sijin [86].

Plaintiffs, Andrea and Scott Cobb, filed this medical malpractice case relating to their daughter's death, which occurred shortly after birth on December 25, 2015. They named the hospital where she was born and the delivering obstetrician, Odalis Sijin, M.D., as defendants.

On June 26, 2018, Plaintiffs noticed Dr. Sijin's deposition to take place at a law office in Jackson, Mississippi, beginning at 9:00 a.m. on August 6, 2018. [65]. Plaintiffs' counsel, Rick Davis, arrived at the deposition site approximately thirty minutes before it was scheduled to begin. Shortly thereafter, defense counsel, Gene Parker, informed him that due to Dr. Sijin's flight departure time that day, she must leave the deposition at 4:00 p.m.[1] Parker took the position that Davis had seven hours, from 9:00 a.m. until 4:00 p.m., to take Dr. Sijin's deposition.

---

[1] Dr. Sijin lives in Florida and had flown to Mississippi for the deposition.

1

The deposition began at 8:57 a.m. [85-4] at 7. At 4:00 p.m., Parker instructed Dr. Sijin not to answer any more questions, and, over Davis's objection, the deposition ended. *Id.* at 277-80.

Plaintiffs contend that Parker prevented them from deposing Dr. Sijin for the seven hours afforded under Rule 30(d)(1) of the Federal Rules of Civil Procedure. They request that the Court compel Dr. Sijin to provide a full seven-hour deposition, excluding breaks, and award sanctions. Defendants respond that Davis was inefficient in his questioning of Dr. Sijin and that the time spent in a phone call with the magistrate judge and for a lunch and bathroom breaks should be deducted from the seven hours permitted by the rule.

Rule 30(d) states:

> (1) Duration. Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.
>
> (2) Sanction. The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.

The Advisory Committee Notes to Rule 30 state that Rule 30(d)(1) "imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition."

Rule 30 and the Advisory Committee Notes directly contradict Defendants' position. The Rule grants a presumptive limit of seven hours to depose a witness, and the Advisory Committee Notes make clear that "reasonable breaks" for "lunch and other reasons" are not to be deducted from the seven hours allowed.

2

It is undisputed that a total of sixty-eight minutes of interruptions occurred during the deposition. As stated by Defendants, "A total of 68 minutes of the deposition was occupied with matters other than Mr. Davis'[s] questioning of the witness at his sole choice! This consisted of 11 minutes of bathroom breaks, 32 minutes for lunch and 25 minutes for calling Judge Ball."[2] [90] at 5. The Court finds that all of these constituted "reasonable breaks" and should not be deducted from the presumptive seven hours afforded Plaintiffs under Rule 30(d)(1) to depose Dr. Sijin.

Although Defendants contend that "inefficient questioning" is the real reason that Plaintiffs' counsel was unable to finish the deposition in five hours and fifty-two minutes, this argument misses the point. Rule 30(d)(1) permits Plaintiffs seven hours to depose Dr. Sijin, even if Plaintiffs' counsel failed to use the seven hours in the most efficient manner. *See Martinez v. Texas Workforce Comm'n-Civil Rights Div.*, No. A-11-CA-837 LY, 2013 WL 6243882, at *1 (W.D. Tex. Dec. 3, 2013).[3]

The Court finds that Dr. Sijin's flight departure time impeded Plaintiffs' examination of her. Due to the flight departure time, Plaintiffs were not permitted to depose Dr. Sijin for seven hours, as allowed by Rule 30(d)(1). Accordingly, Plaintiffs' request in motion [85] to reconvene Dr. Sijin's deposition for sixty-eight minutes should be granted.

---

[2] Davis initiated the call to the undersigned to address two issues: (1) "speaking objections" that Davis claimed Parker was making during the deposition, and (2) Parker's objections to Davis's questions seeking to elicit expert opinions from Dr. Sijin. Parker contends that the telephone conference "was a complete waste of time and in contravention of the federal rules!" [90] at 7 (exclamation in original). The telephone conference was, however, necessary to resolve issues that had arisen during the deposition. Further, Defendants' assertion that all of these interruptions were solely Davis's choice is not factually accurate. Parker requested two of the breaks. *See* [85-4] at 110 and 235.

[3] In *Martinez*, the court stated, "[Plaintiff's] complaints that TWC's counsel used the time from 8:30 a.m. to 3:41 p.m. poorly, and was inefficient in his questioning, is of no moment. Other than prohibiting a questioner from using a deposition to annoy, oppress or embarrass the deponent, or otherwise conducting the deposition in bad faith, the Rules of Civil Procedure place no other limits on the way in which a questioner uses the seven hours allotted for a deposition." *Martinez*, 2013 WL 6243882, at *1.

Plaintiffs also move for attorney's fees. The Court finds, however, that these circumstances do not warrant such a sanction. The record does not show that Dr. Sijin chose her flight departure time with the intent of impeding a full and fair examination of her by Plaintiffs. Further, the record does not show that Parker played any role in choosing Dr. Sijin's flight departure time. Plaintiffs' request for attorney's fees in motion [85] is, therefore, denied.

In motion [86], Plaintiffs request that the Court allow them to depose Dr. Sijin for an additional seven hours beyond the seven-hour presumptive limit in Rule 30(d)(1). The comment to Rule 30 states that "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."

Attempting to show the requisite "good cause," Plaintiffs make the following arguments: (1) Dr. Sijin is a "central figure in this case," [84] at 4; (2) Dr. Sijin is both a fact witness and expert witness, *id*.; (3) Dr. Sijin's deposition was interrupted by a lengthy telephone conference with the magistrate judge to address Parker's instructions that Dr. Sijin not answer certain opinion questions, *id*. at 5-6; (4) "there are voluminous documents to explore with Dr. Sijin," including a "101 page fetal heart strip" providing evidence of "an important issue in this case," *id*. at 6; (5) after Dr. Sijin's deposition, a third party, University of Mississippi Medical Center (UMMC), produced "92 pages of records relating to the autopsy of the deceased child" that had been requested by both parties prior to the deposition, *id*. at 6-7; and (6) in the prior deposition, numerous issues were either "not addressed at all" or "not thoroughly addressed," including issues related to Andrea Cobb's pre-natal care, whether nurses followed Dr. Sijin's orders, medications administered before delivery, various entries in medical records, and the defendants' discovery responses, *id*. at 7.

With respect to their first argument, Plaintiffs state that "[t]he fact that Dr. Sijin is a central figure in this action, alone, justifies additional time . . . ." [87] at 4. The undersigned disagrees. Courts have considered a deponent's status as a "central figure" when determining whether that person's deposition should be extended beyond Rule 30(d)(1)'s presumptive seven-hour limit. *Greater New York Taxi Ass'n v. City of New York*, No. 13 Civ. 3089, 2017 WL 4012051, at *8 (S.D.N.Y. Sept. 11, 2017); *see, e.g., Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of America*, No. 1:13-cv-1316-JMS-TAB, 2015 WL 4458903, at *4 (S.D.Ind. July 21, 2015). However, a deponent's status as a "central figure" in a case does not automatically entitle the deposing party to more than a seven-hour deposition. Rather, in order to exceed Rule 30(d)(1)'s presumptive limit, the movant must show "good cause" to find that more than seven hours is necessary for a full and fair examination.

Similarly, the fact that Dr. Sijin is both a fact and expert witness does not automatically entitle Plaintiffs to depose her for more than seven hours. Further, Defendants have indicated that they will be designating Dr. Sijin as an expert in this case, and as Defendants concede, "Plaintiff will have the right to depose Dr. Sijin regarding expert opinions on standard of care and causation opinions after she is designated as an expert and issues her [expert] report," in accordance with Fed.R.Civ.P. 26(a)(2) and L.U.Civ.R. 26(a)(2). [92] at 5.

Plaintiffs' third argument does not support granting motion [86]. In granting motion [85], the Court afforded Plaintiffs the twenty-five minutes attributed to the magistrate judge telephone conference, as part of the seven hours provided by Rule 30(d)(1). Since this time has already been given to Plaintiffs under the Rule's presumptive limit, this argument does not provide a basis for extending Dr. Sijin's deposition beyond seven hours, as requested in motion [86].

As for their fourth argument, Plaintiffs have failed to show that the medical records in this case are uncharacteristically "voluminous." And the deposition transcript shows that Plaintiffs conducted a fairly extensive examination of Dr. Sijin in relation to the fetal heart strip. *See, e.g.,* [85-4] at 157-61, 164-65, 170-86, and 264-65.

The undersigned is, however, persuaded by Plaintiffs' fifth and parts of their sixth argument. Although Plaintiffs examined Dr. Sijin regarding the autopsy report (which was an exhibit to the deposition), it is undisputed that UMMC produced additional documents related to the autopsy report after the deposition. Further, the transcript shows that the first deposition did not afford Plaintiffs sufficient time to fairly examine Dr. Sijin on some of the relevant issues listed in their sixth argument. Accordingly, the undersigned finds that Plaintiffs have shown good cause for some additional time beyond Rule 30(d)(1)'s presumptive seven-hour limit to depose Dr. Sijin, but not the additional seven hours requested in their motion. The undersigned finds that Plaintiffs should be given an additional two hours.

The Court has considered all of the parties' arguments. Those not specifically addressed do not change the outcome. For the reasons stated above, the Court orders the following:

1. Plaintiffs' Amended Motion to Compel the Deposition of Defendant Odalis Sijin [85] is granted in part and denied in part. Specifically, to afford Plaintiffs the presumptive limit of seven hours provided under Rule 30(d)(1), Plaintiffs are granted sixty-eight minutes to depose Dr. Sijin. All other relief requested in motion [85] is denied.[4]

---

[4] Since Dr. Sijin's flight departure time impeded Plaintiffs' right to conduct a seven-hour deposition, the undersigned considered requiring Defendants to pay the court reporter's and videographer's appearance fees for the reconvened deposition. However, based on motion [86], Plaintiffs admit that they could not complete Dr. Sijin's deposition within the seven hours allowed under Rule 30(b)(1), and they did not file motion [86] until after the deposition. Therefore, even if Dr. Sijin's deposition had not been cut short, it would still be necessary to reconvene her deposition, through no fault of Dr. Sijin or her counsel.

2. Plaintiffs' Motion for Additional Time for the Deposition of Defendant Odalis Sijin [86] is granted in part and denied in part. Specifically, in addition to Rule 30(d)(1)'s presumptive limit of seven hours, Plaintiffs are granted two hours to depose Dr. Sijin. All other relief requested in motion [86] is denied.

3. Counsel are instructed to meet and confer in an attempt to agree on the date, time, and location of Dr. Sijin's reconvened deposition, which may not exceed three hours and eight minutes, except by agreement of the parties or court order.

SO ORDERED on the 20th of December, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE